MANUEL CARBÓ GORBEA ET AL., Plaintiffs and Appellants, *v.* JOSEFA PORTILLA ET AL., Defendants and Appellees.

No. 7521. Argued April 27, 1938.—Decided July 28, 1938.

*A. Marín Marién* for appellants. *Angel A. Vázquez* for appellees Gorbea.

Mr. Justice Travieso delivered the opinion of the court.

The facts of this case are the same as those considered by this court in *Heirs of Gorbea* v. *Portilla,* 46 P.R.R. 279, 282, 283, and from the opinion rendered therein we transcribe them, thus:

"The two-story house No. 23—formerly No. 25—on Santo Cristo Street, corner of San Francisco Street, now called Salvador Brau Street, in this city, had belonged to Juan José Gorbea since before 1845, for on February 15 of that year his heirs and those of his brother, José Ramón Gorbea, executed a notarial deed wherein they stated that although said house had been awarded to the fathers of

both set of heirs as their hereditary share in the estate of their mother Magdalena García, they had agreed in a private document that the house should become the exclusive property of Juan José Gorbea, in consideration of a certain sum of money paid by the latter to his brother, for which reasons the heirs of José Ramón Gorbea acknowledged that the heirs of Juan José Gorbea were the sole owners of the immovable. Juan José Gorbea left as his heirs nine children, who in the same year, 1845, constituted a mortgage on that house for the sum of 3,000 *pesos* in favor of the Public Treasury, as sureties for their brother Manuel, who had been appointed Customhouse Inspector of Guayanilla; .which mortgage was increased, in June 1870, to 8,000 Spanish *escudos,* as a fidelity bond for the said brother, in his capacity as Collector of Internal Revenue and of Customs of Ponce. In October of the same year they enlarged the mortgage on the said house to 10,000 Spanish *escudos,* to secure their brother as Collector of Internal Revenue and Customs of Mayagüez. Said mortgage and its extensions were recorded in the old registry. Many of the children of Juan José Gorbea died unmarried. and without issue and their hereditary shares went to their brothers. One of said children, José Faustino Gorbea, deceased, was the father of some of the plaintiffs herein and grandfather of two of them. Another was Dominga Gorbea, who died under a will wherein after stating that she was single and had no legitimate or illegitimate descendants and that she was entitled to a certain share in the .house to which we have been referring, designated as her sole heir José Severo Gorbea a foundling, whom she had brought up from infancy. The said José Severo Gorbea instituted in January 1893, a proceeding to establish possessory title to that house,, which he claimed to have inherited from his mother, Dominga Gorbea, and said proceeding having been approved, the property was recorded in his name without prejudice to third persons having a better right. When this possessory title was recorded, mention was made of the mortgage bond, and its extensions encumbering the property. Thereafter, in 1894, the records of the mortgage bond and its extensions to which we have referred, were transferred to the new registry, and in the 3rd, 4th, and 5th inscriptions of those encumbrances it was stated that the same had been constituted by the Gorbea children, naming them, including José Faustino Gorbea and Dominga Gorbea. On February 22, 1895, while the records of said encumbrances, made at the request of the Commissioner of the Public Treasury, were still in force, José Severo Gorbea, as the exclusive owner of the

house, sold the same to Cesáreo Portilla, who had been previously advised by the plaintiffs not to purchase the house because it did not belong exclusively to José Severo Gorbea, since they held an interest in it by inheritance from their father, José Faustino Gorbea. After Cesáreo Portilla died, the house was recorded in 1897, in the name of his daughter and heir, Josefa Portilla, and subsequently, in 1899, the mortgage bond and its extensions were cancelled. Thereafter, entry was made in the registry of a notice of a complaint which had been filed by the plaintiffs herein against José Severo Gorbea and Josefa Portilla claiming an undivided interest in the property and the nullity of the possessory title. As admitted by the defendant in her answer to the fifth amended complaint, said suit terminated by a judgment rendered in 1909 dismissing the complaint on a motion for nonsuit. An appeal taken from that judgment was dismissed on April 20, 1921, and the original complaint in the present action was filed the following day."

It seems advisable to state, inasmuch as it has been made the basis of one of the assignments of error relied on by the appellant, that in the action brought in 1899 against Severo Gorbea and Josefa Portilla, to which reference is made in the foregoing recital of facts, there appeared as plaintiffs not only the heirs of José Faustino Gorbea but also those of Manuel Nemesio Gorbea, who appear herein in the same capacity. See *Heirs of Manuel Gorbea et al., plaintiffs and appellants,* v. *José Severo Gorbea et al., defendants and appellees,* No. 2444, wherein the appeal was dismissed by this court on April 21, 1921.

On May 1, 1934, according to a certificate issued by the clerk of the court *a quo,* or on June 5 of the same year, according to an order of the judge, Manuel Carbó Gorbea and Dolores and Consuelo Carbó y Carbó, descendants and heirs of Manuel Nemesio Gorbea, filed the original complaint in the present action wherein they sought to recover one-fourth of the property already mentioned and the fruits and rents thereof. On August 21, 1934, they filed a supplemental complaint, and on October 10 of the same year they filed

two additional pleadings: a supplemental complaint and an amended supplemental complaint, both dated October 15, 1934. On February 12, 1935, the district court sustained a demurrer to the said amended complaint and supplemental complaint, which had been interposed by the defendants on the ground of prescription, and granted to the.plaintiffs 10 days to amend, if proper. On the 15th of the same month plaintiffs filed another amended complaint which on motion of the defendants was stricken from the record because it failed to contain any amendment curing the defects of the foregoing complaint, and at the same time a further extension of ten days to amend was granted. On May 6, 1935, the plaintiffs filed a new amended complaint, and the defendants reproduced their demurrer on the ground of prescription which the court sustained by an order of December 11, 1935, and granted ten days to amend. For almost fourteen months after December 11, 1935, the plaintiffs continued moving for extensions and on January 28, 1937, they filed an amended complaint which by reason of its failure to cure the fatal defect of the former pleading was stricken out by a judgment of March 1, 1933, dismissing the action with costs against the plaintiffs, who were also adjudged to pay $300 as attorney's fees. That judgment was amended on March 27, 1937, with retroactive effect, in the sense of making the pronouncement regarding the dismissal of the action effective only as to the defendants who had demurred to the complaint, to wit, Josefa and Concepción Gorbea Guzmán, personally and as the heirs of Laura and Angeles Gorbea Guzmán, and María Esther Gorbea Montero, and Jorge Gorbea Rodríguez, the suit to continue against the defendants, Josefa Portilla, Matilde Castro de Gorbea, José, Pedro, Gaspar, Rafael, Aurora, and María Teresa Gorbea Castro whose default had been noted.

From that judgment of March 1, 1933, as amended on March 27 of the same year, the plaintiffs took the present

appeal, and they have assigned in their brief the following errors:

"1. Error in sustaining the demurrer on the ground of acquisitive prescription, in view of the defective form in which such ground was alleged.

"2. Error in holding that on the face of the complaint it appeared that the defendants and appellees acquired the ownership by extraordinary prescription.

"3. Error in concluding that the action brought in 1899 was terminated in 1931 as to the heirs of Manuel Nemesio Gorbea and that the same did not interrupt the period of prescription because the complaint in said action had been dismissed as to the defendant.

"4. Error in holding that the facts as alleged in the complaint failed to show the interruption of the prescription by reason of an acknowledgment made by the occupant in favor of the right of the owner.

"5. Error in holding that no such interruption took place from the facts stated in the complaint filed by one of the joint owners.

"6. Violation of the provisions of section 1849 of the Civil Code of 1902.

"7. Error in rendering judgment providing that the third amended complaint be stricken out.

"8. Error in imposing costs on the plaintiffs."

Only the complaints dated May 6, 1935, and January 28, 1937, respectively are before us. These two documents are extremely ambiguous, full of immaterial allegations, and lacking clearness of expression. In spite of the many intervening amendments, the complaint of 1937 is as difficult to understand as that of 1935. However, we will proceed to a discussion of the errors assigned in the brief, which is subject to the same defects as the complaints.

■■ The first error refers to the form in which the prescription was set up. This was done by the defendants in a demurrer for insufficiency worded as follows:

"The complaint, as amended, does not state facts sufficient to constitute a cause of action, as on the face thereof, it appears, and it is so in fact that these defendants have acquired by extraordinary prescription the ownership of the entire property involved in the present

action, they and the former owners having held possession thereof uninterruptedly for more than thirty years, in accordance with the provisions of section 1860 in connection with section 1861, subdivision 1, section 1831, 1st paragraph, sections 1844, 1846 and 1847 subdivision 3 all of the Revised Civil Code of 1902, equivalent to sections 1859, 1860, 1830, 1843, 1845, and 1846 of the Civil Code, 1930 ed.''

The appellants complain of the failure to invoke section 1841 of the Civil Code, 1930 ed., which reads as follows:

''Section 1841.—Possession must be in the capacity of an owner, public, peaceful, and uninterrupted.''

In our judgment, this was unnecessary. They cited, among others, section 1859, *infra,* and expressly alleged that it was a case of extraordinary prescription of ownership, and this was ample notice as to the kind of defense set up. Of course, the defendants might have furnished the plaintiffs with complete citations of all the sections of the code which directly or indirectly were related, although slightly, to section 1859. However, their failure to do so did not prejudice them, if they furnished what was required.

''Although in our opinion the section of the law on which the plea of prescription was based should have been specified more clearly, the demurrer stated sufficient data to raise the legal question and it was well understood by the adverse party, the plaintiff-appellant, and by the court. In these circumstances we think that we should disregard the question raised as to form and consider the appeal on its merits, that is, that we are called upon to decide whether the action brought by the plaintiff had or had not prescribed when the complaint was filed.'' *Orta* v. *Arzuaga et al.,* 23 P.R.R. 241, 244.

So that we will disregard the objection as to form and consider the question on its merits, and for this purpose we will group the assignments numbered 2, 3, 4, 5, and 6 which can be jointly discussed.

Section 1859 of the Civil Code, 1930 ed., reads as follows:

''Section 1859.—Ownership and other property rights in real property shall also prescribe by uninterrupted possession of the same

for thirty years without the necessity of title nor good faith and without distinction between present and absent persons, with the exception mentioned in section 475, second article, Chapter I, Title VII, Second Book, of this Code.''

The plaintiffs in their complaint alleged that on January 25, 1893, José Severo Gorbea instituted a dominion title proceeding regarding the property mentioned, and wrongfully obtained a judgment establishing ownership in his favor and the record thereof in the registry of property on January 31, 1893; that on February 22, 1893, he sold it to Cesáreo Portilla who died on May 13, 1896, the immovable being inherited by his daughter Josefa Portilla, defendant herein; and lastly, that the possession of the undivided interest in the estate now claimed by the plaintiffs together with other condominia which totaled three-fourths of the estate was acquired by the defendants Gorbea, in a judicial sale on June 5, 1934.

There is no doubt whatever that between January 31, 1893, when José Severo Gorbea had the property recorded in his name, and May 1, 1934, when the plaintiffs filed their original complaint in the present action, more than thirty years had elapsed. However, as the plaintiffs alleged in their complaint that in 1899 they together with the heirs of José Faustino Gorbea brought an action against José Severo Gorbea and Josefa Portilla to recover an undivided interest in said property, it becomes necessary to determine whether such action had the effect of interrupting the prescription pleaded by the defendants. In this connection we will transcribe sections 1845 and 1846 of the Civil Code, 1930 ed., which read as follows:

''Section 1845.—Civil interruption is caused by a judicial citation of the possessor, even should it be by order of a court or of a judge without jurisdiction.

''Section 1846.—The judicial citation shall be considered as not made and shall not cause interruption:

''1. If it should be void by reason of the absence of legal formalities.

"2. If the plaintiff should withdraw his complaint or should permit the proceedings to lapse.

"3. If the suit against the possessor should be dismissed."

We know the outcome of the suit brought in 1899 by the heirs of José Faustino Gorbea and those of Manuel Nemesio Gorbea. A judgment was entered for the defendants. On April 21, 1921, this court rendered a decision dismissing the appeal taken (*supra*). The judicial citation failed then to bring about the interruption and should be considered as not made. We have also seen that on the day following the dismissal of the appeal in question the heirs of José Faustino Gorbea brought the action referred to in the opinion delivered by this court and published in 46 P.R.R. 279. The plaintiffs herein, on the other hand, waited until May 1, 1934, to do likewise, that is, to file the original complaint in the present action. This explains why the heirs of José Faustino Gorbea secured a judgment in their favor and that the judgment in the case of Manuel Nemesio Gorbea must necessarily be adverse. *González* v. *Heirs of Roqué,* 37 P.R.R. 492.

The only effect of the suit commenced in 1899 was to prevent the prescription of the action of revendication, and for this it is only required according to section 1873 of the Civil Code, 1930 ed., that the action be instituted before the courts. However, as the prescription involved herein is not of an extinctive but of an acquisitive character, the rule that applies is that contained in section 1845 of the Civil Code, 1930 ed., *supra,* and not the one in section 1873. The prescription of ownership and that of an action are different, as are also the rules for their interruption, as has been held by this court in *De Jesús* v. *De Jesús,* 37 P.R.R. 143, 144, 145, where it was said:

"The Civil Code devotes one chapter to the prescription of ownership and other real rights, with certain rules in regard to the interruption of that prescription, and another chapter to the prescription of actions which also contains rules for the interruption of their

prescription. They are two different kinds of prescription. By the first a right is acquired which did not exist before, and by the second existing actions prescribe. Therefore, their rules are different and those relating to the interruption of acquisitive prescription can not be applied to the interruption of extinctive prescription, as was declared by the Supreme Court of Spain in a judgment of January 4, 1901, when it held that the provisions of section 1964 (corresponding to our section 1847) as regards the lack of effect of the judicial interruption of acquisitive prescription, if the plaintiff should withdraw his complaint or permit the proceedings to lapse, did not apply to extinctive prescription, 'because neither the letter nor the spirit of section 1973 (corresponding to our 1874) allows it to be construed in the sense that by virtue thereof the action might be lost.' ''

 Perhaps it might be advisable to add that the action instituted by the heirs of José Faustino Gorbea in 1921 (see 46 P.R.R. 279), which interrupted the period of acquisitive prescription, does not favor the plaintiffs herein, because the one-fourth undivided interest claimed by the heirs of José Faustino Gorbea in the said action is not the same undivided interest now claimed by plaintiffs Carbó.

 Let us now consider the effect of the following allegations of the complaint:

''Seventeenth.—That on the same day of the sale in question, that is, February 22, 1895, and before the same notary, José Agustín de la Torre, who authenticated the corresponding deed in this city, José Severo Gorbea and Guadalupe García, in their capacity as joint owners of the aforesaid property, executed a release wherein it was explained how the purchase price was paid, and it was therein acknowledged that their children or successors, Manuel Nemesio Gorbea and José Faustino Gorbea, were also joint owners of the said property.

''Eighteenth.—That in the answer dated February 1, 1908, filed by Josefa Portilla to the amended complaint presented by the heirs of José Faustino Gorbea in the action referred to in the next averment, the said Josefa Portilla stated, in reference to the said deeds of sale and release relating to property described, that after said sale had been made Guadalupe García, a joint owner of the property sold, and José Severo Gorbea, executed a release before the said La Torre on February 22, 1895, in which it was stated that the said

Guadalupe García, the children of Manuel Gorbea, the children of José Faustino Gorbea, and José Severo Gorbea were co-owners of the house sold by José Severo Gorbea, and that the children of Manuel Gorbea were to receive $1,050 out of the purchase price.''

The acknowledgment inferred from the above recitals can not affect the determination of this case, either, because from February 22, 1895, when José Severo Gorbea acknowledged Manuel Nemesio and José Faustino Gorbea to be also co-owners of the property, to May 1, 1934, when according to the clerk of the District Court of San Juan the original complaint in the present action was filed, the thirty years of the extraordinary prescription had already elapsed.

For the reasons stated the assignments numbered 2, 3, 4, 5, and 6 must be overruled.

■ The seventh error assigned was not committed either. We said before that on May 6, 1935, the plaintiffs filed an amended complaint to which the defendants interposed a demurrer on the ground of prescription which was sustained by the court by an order of December 11, 1935, ten days being allowed to amend. The amended complaint which was filed by the plaintiffs on January 28, 1937, failed to cure the defect of the previous one and was, therefore, stricken out on motion of the defendants, and by a judgment of March 1, 1937, the action was dismissed. The appellants maintain that the court erred in dismissing the complaint, because the seventeenth paragraph of the complaint filed on May 6, 1935 (*supra*), is different from the nineteenth paragraph of the complaint filed on January 28, 1937. We think that although the language of both paragraphs really is not the same, the effect of the averments is the same and therefore no such error was committed by the court. The acknowledgment referred to by the plaintiffs occurred, according to both paragraphs on February 22, 1895, and from this date to June 5, 1934, there elapsed, as already stated, more than the thirty years required for the extraordinary prescription.

The eleventh error assigned refers to the imposition of costs on the plaintiffs. The obstinacy of the plaintiffs-appellants is patent, for which reason it is our opinion that the judgment should not be modified.

The judgment appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.